We'll move to our sixth case of the morning. Do we have counsel for the sixth case? Yes. Okay. Shaw v. Kemper, appeal number 21-3265. And we just have counsel for the appellant to dismissal its screening. Is it Mr. Weiss? Yes, sir. Good morning. Good morning. Good morning, Your Honors. May it please the Court. My name is Samuel Weiss, and I represent the appellant, Mr. Terrance Shaw. Mr. Shaw is a 74-year-old man. He's a paraplegic. He suffers from incontinence. While incarcerated in the Racine Correctional Institution, he had a series of incidents where staff were allowing able-bodied prisoners to use the handicapped bathrooms, and so he was unable to use them and on several instances defecated on himself in public areas. The third time, he actually, with his one somewhat functioning foot, tried to drag himself to another bathroom that he was able to use but could not get there in time, and so experienced both defecation on himself and serious pain. He notified staff of this a number of times. He notified the line staff, and he said that they smirked at him and they thought it was funny that this was happening. When he started filing informal grievances, they responded sarcastically, saying, We're not going to cordon off this one bathroom for you, which, of course, was not what he was requesting. And when he filed a formal grievance, the grievance officer, and then affirmed by the warden, they said, We have no control over what other able-bodied people in our prison are doing, which is a pretty bizarre thing to say because this is not a public library. It's a medium security correctional institution. They, of course, do have control over whether incarcerated people follow the rules. Mr. Weiss, could I, before we go too far down the road, I'd like to just clarify your appeal. The complaint that was screened had a lot of claims in it, including alleged violations of the First Amendment, the Fifth Amendment, the Fourteenth Amendment, in addition to the ADA and the Rehabilitation Act claim. You are just appealing the court's ruling on the ADA and the Rehabilitation Act claim. Is that correct? That is correct, Your Honor. Okay. Thank you. So Mr. Shaw's allegations plainly state a claim under the ADA. He alleges two relevant disabilities here. They're obviously disabilities. He alleges a program, service, or activity that he was unable to access on several occasions. That's the use of a toilet. That's supported by precedent from his court, from DOJ regulations. It's implied by… Can I pause you on that? Yes, Your Honor. Do you think it's possible that the screening order reflects a misunderstanding of that precise point? I absolutely do, Your Honor. I think that's exactly right because I think it's invoked in the citation to Wagoner. So what the district court order says, and, of course, we only have a couple sentences of analysis, but the district court order says this is not a denial. This is an inconvenience, which is not a doctrinal distinction. It's not in the ADA. It's not in this court's law. But Judge Wood wrote the opinion in Wagoner that explained that in that circumstance, it was largely an issue of mispleading and a failure to exhaust, which we don't have here, but the plaintiff in Wagoner did have one real live claim, and that was that he was transported not in a handicapped van, and that it was pretty painful and embarrassing. But what the court held was that even if it was a little inconvenient, he was able to get in that van. They took him to medical services, and he was able to get to the medical services. And so the question is, you know, going to the text of the ADA, was he denied access to a program, service, or activity? The answer to that is no because he got to the medical services. And so what Judge Wood wrote was just that may have been a lousy experience, but it's not a good matchup with the disability statutes. And that would map on perfectly to this case if Mr. Shaw had to wait in line for a long time in the bathroom and then could actually use the bathroom. But what actually occurred was he was unable to use the bathroom. He defecated on himself, and that constitutes a denial of a program, service, or activity. And the way you're fitting it statutorily is you're saying that the access for a handicapped individual like Mr. Shaw to a handicapped accessible restroom facility is what, an activity? It is a service. It's a service. Yeah, okay. Yeah, I think it's very possible that the district court overread Wagner that way and didn't understand that that, I'm going to call it a facility, right? The restroom facility itself fits within that statutory language. I think that's right, Your Honor. So I think it's fairly clear here that the district court erred, and of course we are in the most deferential context that we possibly could be. What we have here is a pro se complaint on a pre-service frivolity screening order. There wasn't even given leave to amend. So the allegations need to be read in the most favorable possible light. I think we have a pretty clear failure to accommodate this. I'd be happy to answer any of Your Honor's other questions. Nothing further. Thank you very much. Thank you very much, Your Honors.